**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4081**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

JAMES MILLARD OXENDINE,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge. (CR-04-258)

———————

Submitted:  September 19, 2005        Decided:  October 12, 2005

———————

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Millard Oxendine was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). He was sentenced as an armed career criminal to 235 months in prison. Oxendine now appeals his conviction and sentence. We affirm.

I

After he was stopped for driving on a suspended license, Oxendine opened the glove compartment of the car and pulled out a handgun, which he placed on the dashboard. Two sheriff's deputies testified that Oxendine informed them at the scene that the gun and marijuana found in the car were his. One deputy testified that Oxendine again asserted ownership of the gun later in the day when he was at the sheriff's department annex. Darnell Bullard, Oxendine's passenger, testified that Oxendine informed officers at the scene of the traffic stop that the gun belonged to Oxendine's mother, Debra Hardin. Hardin testified that the gun was hers. Oxendine testified that he told one of the officers at the scene that whatever was in the car was his responsibility, referring only to the marijuana; he denied claiming the gun as his.

Following his conviction, a presentence report (psr) was prepared. The base offense level of 14, see U.S. Sentencing Guidelines Manual § 2K2.1(a)(6)(A) (2003), was increased to 33

- 2 -

because Oxendine was an armed career criminal. <u>See</u> USSG § 4B1.4(b)(3)(B). Oxendine's criminal history category as an armed career criminal was VI. The guideline range for offense level 33, criminal history category VI, is 235-293 months.

Oxendine objected under <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004), to his treatment as an armed career criminal. The district court overruled his objection, adopted the psr, and imposed a 235-month sentence.

II

Oxendine claims that the district court erred when it refused to instruct the jury on innocent possession when the evidence would have allowed a jury to conclude that his possession of the gun was both innocent and transitory. We review a district court's decision whether to give a jury instruction for abuse of discretion. <u>United States v. Kennedy</u>, 372 U.S. 686, 698 (4th Cir. 2004). We decline to recognize innocent possession as a defense to an offense under § 922(g)(1). Even if such a defense were recognized in this circuit, the facts of this case would not have warranted the instruction. <u>See</u> <u>United States v. Mason</u>, 233 F.3d 619, 624 (D.C. Cir. 2001).

Oxendine contends that his sentence as an armed career criminal violates the Sixth Amendment under <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), and <u>Blakely</u>. He asserts that his offense level should have been 14 instead of 33 because the jury did not find that he had the requisite prior felony convictions for armed career criminal status. Because he raised this issue below, our review is de novo. <u>See</u> <u>United States v. Mackins</u>, 315 F.3d 399, 405 (4th Cir. 2003).

In <u>Shepard v. United States</u>, 125 S. Ct. 1254 (2005), the Supreme Court instructed that Sixth Amendment protections apply to disputed facts about a prior conviction that are not evident from "the conclusive significance of a prior judicial record." <u>Id.</u> at 1262-63. Here, Oxendine did not contest any facts about his prior convictions identified as predicate felonies warranting the increase to base offense level 33. Rather, his is a purely legal argument. Therefore, the district court did not consider any facts Oxendine did not admit, and the court's determination of armed career criminal status did not violate the Sixth Amendment. <u>See</u> <u>United States v. Collins</u>, 412 F.3d 515, 521-23 (4th Cir. 2005).

IV

Finally, Oxendine claims that the district court erred by treating the sentencing guidelines as mandatory rather than

- 4 -

advisory, as <u>Booker</u> requires.  This claim, which Oxendine did not raise below, is reviewed for plain error.  <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993).  Because there is no nonspeculative basis suggesting that the district court would have sentenced Oxendine to a different sentence had the guidelines been advisory, we conclude that the court's plain error did not affect Oxendine's substantial rights, and we decline to recognize the error.  <u>See</u> <u>United States v. White</u>, 405 F.3d 208, 224-25 (4th Cir. 2005).[*]

V

We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*]The district court announced an alternate sentence, presuming that the increase in base offense level from 14 to 33 based on armed career status might be invalid after <u>Blakely</u>.  The court determined that the guideline range for offense level 14, criminal history category VI, was 37-46 months, and imposed an alternative 46-month sentence.  In imposing this sentence, however, the court treated the guidelines as mandatory rather than advisory.  Thus, the alternative sentence does not demonstrate that the district court would have sentenced Oxendine to a different sentence under an advisory guideline scheme.